IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKANSKA USA BUILDING, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>ROGERS-QUINN CONSTRUCTION, INC., a California corporation,<br><br>              Defendant. | 2:05-cv-0537-GEB-GGH<br><br>ORDER |
| ROGERS-QUINN CONSTRUCTION, INC., a California corporation,<br><br>              Counter-Claimant,<br><br>    v.<br><br>SKANSKA USA BUILDING, INC., a Delaware corporation,<br><br>              Counter-Defendant. | |

        On September 12, 2005, Plaintiff filed a letter representing that the parties have reached a tentative settlement agreement as to their claims and cross-claims. Plaintiff also requested that its motion for summary adjudication and preliminary injunction, filed May 26, 2005, and set for argument on September, 26, 2005, be taken

1

off calendar.  In light of the Plaintiff's representations and request, the motion is taken off calendar; moreover, the motion is deemed withdrawn.

The parties have until 4:30 p.m. on October 3, 2005, to file a document or documents that effect dismissal of this action.  See L.R. 16-160(b).  Until such documents are filed the Rule 16 Scheduling Order dates will not be vacated.

The Rule 16 Scheduling Order dates will remain on calendar because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).  Vacating the dates established in a scheduling order when there may, in fact, not be an enforceable settlement agreement "would undermine the court's ability to control its docket [and] disrupt the agreed-upon course of the litigation."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  See also U.S. v. 1948 South Martin Luther King Dr., 270 F.3d 1102, 1110 (7th Cir. 2001) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation.").

IT IS SO ORDERED.

Dated:  September 13, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge